UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br>　　Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO.: 20-4332 |
| TEXAS A&M UNIVERSITY,<br>　　Defendant. | §<br>§<br>§ | ORAL ARGUMENTS REQUESTED |

**PLAINTIFF JOHN DOE'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PRESERVE THE STATUS QUO**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff John Doe, by and through his attorneys, respectfully moves this Court to issue a temporary restraining order against Defendant Texas A&M University (A&M) to prevent A&M from causing irreparable injury to Plaintiff. In support of his Motion, Plaintiff states the following:

**INTRODUCTION**

At issue in this case is the Defendant's attempt to suspend Plaintiff as a result of constitutionally defective policies and procedures underlying a sexual assault investigation.

Plaintiff John Doe respectfully requests that this Court temporarily enjoin the Defendant and stay further attempts to suspend Plaintiff pending resolution of this case. This stay harms no one and will permit Plaintiff to seek meaningful relief in this Court. Plaintiff will suffer irreparable harm absent a stay, as he will no longer be eligible to take coursework for the forthcoming Semester, will no longer be considered a student in good standing at A&M, and will effectively no longer be a student of A&M unless and until he is readmitted upon the conclusion of his one-year suspension. Such suspicion and the Title IX finding against Plaintiff will

1

similarly blemish Plaintiff's academic transcript or record, which will cause irreparable harm for which monetary damages would be insufficient to make Plaintiff whole. Absent a stay, Plaintiff John Doe will also suffer irreparable reputational damage.

Plaintiff herein seeks this Court's issuance of an emergency temporary restraining order against Texas A&M University halting A&M's suspension against him. Through this Court's issuance of a TRO, the status quo would be maintained and John would remain in good standing as an A&M undergraduate student. Plaintiff further requests the Court issue a preliminary injunction enjoining A&M in this same way after Defendant receives notice and an opportunity to respond to this Motion.

Pursuant to Local Rule LR7.5.A, Plaintiff respectfully requests this Court hear oral arguments concerning his request that an emergency temporary restraining order and, upon notice to Defendant, a preliminary injunction be issued against A&M to maintain John's status as a student in good standing with the University.

## ARGUMENTS & AUTHORITIES

Plaintiff meets each of the four prerequisite elements for a preliminary injunction. *See Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). The standards for securing a temporary restraining order or preliminary injunction are substantively the same. *See, e.g.,* Fed. R. Civ. P. 65; *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20, n. 15 (5th Cir. 2001); *Dallas Cowboys Cheerleaders v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979). As previously articulated by the Supreme Court, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)

(internal citations omitted). *See also Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20, n. 15 (5th Cir. 2001); *Dallas Cowboys Cheerleaders v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979); *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)); *PCI Transp., Inc. v. Fort Worth & W.R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

Because a "preliminary injunction is an extraordinary remedy never awarded as of right[,]" courts must carefully weigh and balance "the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (internal citations omitted). *See also PCI Transp., Inc.*, 418 F.3d at 545. As a court's grant of an ex parte temporary restraining order similarly represents an "extraordinary [judicial] remedy[,]"[1] such relief "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 432, 436 (1974) (citing *Carroll v. President and Commissioners of Princess Anne*, 393 U.S. 175, 180 (1968)). To summarize, "[t]he [underlying] purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 627 (5th Cir. 1985) (internal citations omitted).

"To obtain a temporary restraining order or preliminary injunction, a plaintiff must establish the following elements by a preponderance of the evidence: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that irreparable injury will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to

---

[1] *Id.*

the defendant; and (4) granting the preliminary injunction will not disserve the public interest." *Khan v. Fort Bend Indep. Sch. Dist.*, 561 F. Supp. 2d 760, 763 (S.D. Tex. 2008) (citing *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003)). Plaintiff John Doe readily meets each of the four elements for the granting of a temporary restraining order. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). Plaintiff's Original Verified Complaint raises multiple causes of action and advances numerous independent reasons he should prevail in this request. Many of the alleged counts implicate Plaintiff's constitutional and common law due process rights.

### A. Plaintiff Will Likely Succeed on the Merits of His Claims Before This Court

Plaintiff John Doe has a substantial likelihood of success on each of these independent causes of action. "To show a likelihood of success, the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment." *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). Defendant Texas A&M University, as a public institution of higher education, is a state actor subject to Constitutional constraints under the Fourteenth Amendment. Additionally, A&M receives federal funding and is therefore covered by Title IX. Plaintiff John Doe has property and liberty interests at issue here protected by the Fourteenth Amendment as well as Title IX. Plaintiff has a protected liberty interest in his good name, reputation, honor, and integrity, as well as in his future employment opportunities. This includes Plaintiff's professional achievements as an esteemed member of the Aggie Band and the Corps of Cadets at the University.

The University seeks to deprive Plaintiff John Doe of his liberty and property rights without the basic procedural protections to which any student respondent under Title IX

4

investigation at a public university would be so entitled. As further outlined in Plaintiff's Original Verified Complaint, the University's processes violate Title IX here because the Hearing Officer improperly shifted the burden of proof to Plaintiff and Plaintiff had no right to fully or effectively cross-examine witnesses and confront his accuser. The erroneous findings of the Hearing Officer resulted in the improper imposition of a harsh sanction against Plaintiff. Because the erroneous outcome was made as a result of gender bias, it is violative of Title IX.

### B. Plaintiff Will Suffer Irreparable Harm if the Court Does Not Grant Preliminary Relief as Requested

The facts as alleged in Plaintiff's Original Verified Complaint clearly demonstrate that irreparable harm would result if the Court does not issue the injunctive relief requested herein. "To show irreparable injury if threatened action is not enjoined, it is not necessary to demonstrate that harm is inevitable and irreparable. The plaintiff need show only a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986). Plaintiff John Doe faces a deprivation of his constitutional rights as guaranteed under the Fourteenth Amendment of the U.S. Constitution and as further guaranteed under Title IX. "When constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). *See also Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) (internal citations omitted) ("[M]ost courts hold that no further showing of irreparable injury is necessary" when claims demonstrate a likely deprivation of constitutional rights).

In the present case, Plaintiff faces similar circumstances to those deemed sufficient to constitute irreparable harm in the Fifth Circuit's Decision in *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047 (5th Cir. 1997). There, the Fifth Circuit held that "the threat of injury" to

Plaintiff's reputation and his "ability to procure comparable employment," when considered alongside "the egregious and constitutionally infirm hearing she was subject to, [was] sufficient to satisfy irreparable injury." *Id.* at 1056 (citing *United Church of the Medical Center v. Medical Center Commission*, 689 F.2d 693, 701 (7th Cir. 1982)).

Unless this Court immediately restrains Defendant as outlined above, John will suffer imminent and irreparable harm in that he will be unable to continue his coursework the following semester at A&M and will no longer be considered a student in good standing. Such suspension shall be noted on John's academic transcript, restrict his ability to serve in leadership roles in the university, and prevent John from formally representing the University in any capacity moving forward. Furthermore, the University's imposition of this suspension would effectively revoke John's status as an A&M student entirely (at least temporarily) since he will not be permitted to re-enroll upon conclusion of the suspension as of right. *See* Exhibit 3 at p. 17 of Plaintiff's Original Verified Complaint. As outlined above as well as in Plaintiff's Original Verified Complaint, the University has already denied Plaintiff the procedural due process for which he was so entitled. That deprivation alone is sufficient "in itself [to constitute] irreparable injury[]" to Plaintiff. *Associated Builders & Contractors of Texas Gulf Coast, Inc. v. U.S. Dept. of Energy*, 451 F.Supp. 281, 286 (S.D. Tex. 1978).

### C. The Preliminary Relief Sought Will Not Cause Substantial Harm to Defendant

There is no harm that would result from this Court's entry of a temporary restraining order or preliminary injunction to preserve the status quo pending meaningful judicial review as Plaintiff is willing to post bond and would agree to attend classes online to avoid any possible contact with the female complainant in this case. Furthermore, A&M is unable to identify any harm that would conceivably outweigh the damage to Plaintiff John Doe. Throughout the course

6

of the Title IX investigation against him and thereafter, Plaintiff never violated any of the interim measures imposed. Plaintiff merely seeks to preserve the status quo until the Court has the opportunity to resolve the claims in Plaintiff's Original Verified Complaint. Conversely, if such a stay is not granted, Plaintiff John Doe will likely be unable to obtain meaningful relief from this Court.

### D. The Court's Issuance of a Preliminary Injunction Would Serve the Public Interest

It is in the public interest that this Court preserve Plaintiff's status as a student in good standing at A&M and enjoin A&M for instituting its one-year suspension of Plaintiff. "It is always in the public interest to prevent the violation of a party's constitutional rights." *Jackson Women's Health Organization v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014). Furthermore, "[p]ublic interest is never served by a state's depriving an individual of a constitutional right." *Kite v. Marshall*, 454 F. Supp. 1347, 1351 (S.D. Tex. 1978). In the present case, the public has an interest in ensuring that the University system for adjudicating complaints made under Title IX is fair and meets procedural due process and Title IX requirements. More broadly, it is in the public interest that government actors abide by and comport with the procedural due process protections for complaints under Title IX that have the power to destroy the livelihoods of those accused.

Granting the requested relief will not disserve any public interest in this matter. Indeed, it is in the public interest that the University be required to follow the rules governing its jurisdiction and conduct, and that disciplined students receive a fair resolution of any disciplinary proceedings levied against them. The requested relief is necessary to vindicate Plaintiff's due process rights and his reputation through fair proceedings. It is also necessary to ensure the public's trust of public university disciplinary hearings, like that faced by Plaintiff in this case.

"[W]hile the public has a competing interest in the enforcement of Title IX, that interest can never override individual constitutional rights." *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 407 (6th Cir. 2017) (internal citations omitted). As a result, the public interest is best served by the Court's grant of a preliminary injunction against the Defendant in this case.

## CONCLUSION

Immediate relief is necessary because A&M seeks to enforce its suspension against Plaintiff before this Court has the opportunity to hear arguments regarding Plaintiff's Motion for a Preliminary Injunction. Pursuant to the decision made by the Hearing Officer against Plaintiff, Plaintiff's suspension will be effective as of December 31, 2020. Therefore, Plaintiff John Doe respectfully asks the Court to grant emergency injunctive relief staying A&M's suspension of Plaintiff until such time as this Court is afforded the opportunity to hear and rule on Plaintiff's Motion for a Preliminary Injunction.

Although counsel for Defendant has not yet been formally identified in this cause, Plaintiff has provided notice of this Complaint and its accompanying request for a temporary restraining order and preliminary injunction to attorneys within the Texas A&M University System's General Counsel's Office so that they may have the opportunity to be heard on this issue expeditiously.

[ *continued on the following page* ]

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff John Doe prays this Court issue a Temporary Restraining Order enjoining A&M from initiating its suspension of Plaintiff, schedule a hearing on Plaintiff's Motion for Preliminary Injunction to Preserve the Status Quo, and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

DAVID K. SERGI AND ASSOCIATES, P.C.

*/s/ David K. Sergi*
**DAVID K. SERGI** – Attorney in Charge
Texas Bar No. 18036000
Federal Bar No. 755
Email: david@sergilaw.com
**KATHERINE FRANK**
Texas Bar No. 24105630
Email: katie@sergilaw.com
329 S. Guadalupe St.
San Marcos, TX 78666
Tel. (512) 392-5010
Fax. (512) 392-5042

LAW OFFICE OF ANITA KAWAJA
Anita Kawaja
State Bar No. 24003282
Federal Bar No. 26012
Email: Anita@AnitaKawajaLaw.com
P.O. Box 31400
Houston, TX 77231
Tel.: (713) 775-5679

COUNSEL FOR PLAINTIFF
JOHN DOE

**CERTIFICATE OF SERVICE**

I certify that on December 22, 2020 a true and correct copy of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction was served on Ray Bonilla, general counsel for the Texas A&M University System, electronically through email correspondence via rbonilla@tamus.edu.

/s/ *David K. Sergi*
David K. Sergi

**CERTIFICATE OF CONFERENCE**

Counsel has not complied with the meet and confer requirement in Local Rule LR7.1D as opposing counsel has not yet been identified in this matter. However, counsel has provided copies of all pleadings in this cause to the general counsel for the Texas A&M University System in an effort to provide expeditious notice of this request. Counsel anticipates that this Motion and will be opposed.

/s/ *David K. Sergi*
David K. Sergi